UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK D. SCHEMBRE, C. KEITH THOMPSON, SIDNEY GOEHRI, KURT E. DIERKES, JOE HOETTE, THOMAS MILNE, SAL RUFFINO, and MATTEO A. COCO, in their representative capacity as Trustees of the Cement Masons Local 527 Pension Fund, the Cement Mason Local 527 Trust Fund, and the Cement Masons Local 527 Vacation Fund and ST. LOUIS CONSTRUCTION TRAINING AND ADVANCEMENT FOUNDATION and CEMENT MASIONS LOCAL 527, 4:05CV1049ERW | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:05-cv-1049-ERW ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NEW CONSTRUCTION RESOURCES, LLC, a Missouri limited liability company, | ) ) ) |
| and | ) ) |
| LAWLESS HOMES, INC., a Missouri corporation, | ) ) |
| and | ) ) |
| LAWLESS HOMES OF JEFFERSON COUNTY, INC., a Missouri corporation | ) ) ) |
| and | ) ) |
| LAWLESS HOMES OF FRANKLIN COUNTY, INC., a Missouri corporation, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANT LAWLESS HOMES, INC., LAWLESS HOMES OF JEFFERSON COUNTY, INC., AND LAWLESS HOMES OF FRANKLIN COUNTY, INC.S'JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW Defendants Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc., and Lawless Homes of Franklin County, Inc. (collectively referred to herein as "Lawless Homes,"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and Local Rule 7-4.01 and submit their Memorandum of Law in Support of their Motion to Dismiss for failure to state a claim, and in support thereof, state to the Court as follows:

## I.     Relevant Procedural and Factual Background

Plaintiffs filed their Amended Complaint in this matter on October 6, 2005, adding claims against Lawless delinquent pension contributions allegedly owed to the Cement Masons Local 527 Trust Fund (the "Fund"). Presumably Plaintiff's assert these claims based on an alleged collective bargaining agreement between Cement Masons Local 527 and **New Construction Resources, LLC**. To date, however, Plaintiffs have failed to produce a copy of the alleged agreement in support of their Amended Complaint. It is undisputed that Lawless was never a party to any such agreement.

**Lawless Homes** is not now, nor has it ever been, a party to any collective bargaining agreement or any other agreement with any of the Plaintiffs and is not contractually bound to make any contributions to the Fund. This is undisputed, and the Amended Complaint does not allege otherwise. However, Plaintiffs' Amended Complaint contains a bare legal conclusion that Lawless Homes is jointly liable, along with co-defendant New Construction Resources, LLC, for delinquent pension contributions pursuant to the terms of a collective bargaining agreement between New Construction Resources, LLC and Cement Masons Local 527.

Plaintiffs' legal conclusion asserts that Lawless Homes is jointly liable for delinquent contributions based upon its alleged status as a "joint employer" under the Employee Retirement Income Security Act ("ERISA") because it "exercised control over the work of defendant New Construction" (Plaintiffs' Amended Complaint, Paragraph 17). Plaintiffs' Complaint fails to state any factual basis for its assertion that Lawless Homes "exercised control over the work of defendant New Construction," its stated theory for naming Lawless Homes in the Complaint. Lawless Homes has never exercised any control or management authority, direct or indirect, over the employees of New Construction, LLC.

Regardless, "joint employer" liability is not a recognized theory of liability under ERISA, and Plaintiffs' claims against Lawless are therefore fatally defective, are not cognizable under any facts alleged by Plaintiffs, and must therefore be dismissed.

## II. Standards for Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint or cause of action shall be dismissed for "failure to state a claim upon which relief can be granted." This Court may dismiss "'Only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations'." *Alexander v. Peffer*, 993 F. 2d 1348, 1349 (8th Cir. 1993); quoting *Hischon v King, Amperson Spalding,* 467 US 69, 73, 104 S.Ct. 229, 2232, 81 L Ed. 2d 59 (1984). Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pre-trial and trial activity. *Neitzke v. Williams,* 490 US 319, 326-327 (1989). To avoid dismissal a complaint must allege facts

sufficient to state a claim as a matter of law and not merely legal conclusions. *Springdale Education Ass'n v. Springdale School Dist.,* 133 F. 3d 649, 651 (8th Cir. 1998).

### III.   Argument

**Plaintiffs Have Failed To State A Claim Because Joint Employer Status Under ERISA Is Not Recognized As A Basis For Liability In This Circuit**

There is no set of facts which would entitle Plaintiffs to relief against Lawless Homes, even liberally construing the Complaint, because their claim against Lawless Homes is based solely upon the illegitimate, unrecognized claim of "joint employer" liability under ERISA.  Section 515 of ERISA provides that "every employer who is *obligated to make contributions* to a multiemployer plan *under the terms of the plan or under the terms of a collectively bargained agreement* shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145 ("Section 515") (emphasis added).  Lawless Homes, however, is not obligated to make any contributions to the Fund pursuant to any collective bargaining agreement or Fund document.  This is because Lawless is not a party to any such agreement or fund document, and Plaintiff admits as much.  Thus, while arguably New Construction Resources, LLC may be liable, **Lawless Homes** has no obligations to make contributions under ERISA.  Nowhere does ERISA provide for contribution liability for any entity that is not contractually bound to make contributions. The concept of a "joint employer" is not contemplated in the Act.

The Eighth Circuit has addressed the issue of joint employer status under ERISA in the context of ERISA's MPPAA amendment [1] and has found that the joint employer doctrine is not viable under ERISA. In Rheem Mfg. Co. v. Central States, Southeast and Southwest Areas Pension Fund, 873 F. Supp. 173, 174 (W.D. Ark. 1994), *aff'd,* 63 F.3d 703 (8th Cir. 1995), Rheem leased a group of truck drivers from Knight to haul finished products to Rheem dealers nationwide. Under their agreement, both companies shared control over the daily working conditions of the employees and, in fact, Rheem exercised the most control. *Id.* Knight, however, entered into a collective bargaining agreement with the employees. *Id.* In an action by the pension plan against Rheem, Rheem sought a declaration that it was not an "employer" under the MPPAA. *Id.* In holding that the term "employer" under the MPPAA does not include joint employers, the district court – subsequently upheld by the Eighth Circuit - found that:

> **in order to be an employer** under [the] MPPAA, **a party must have an obligation to contribute that is purely contractual in nature**. That is, Rheem must have signed a contract obligating it to contribute to Central States, or it must be obligated by some other principle of traditional contract law, such as agency or alter ego theory. *Id.* at 176 (emphasis added). *Id.* at 176 (emphasis added).

The Second Circuit followed the Eighth Circuit's reasoning in Olivieri v. P.M.B. Constr., Inc., 383 F. Supp. 2d 393 (2d Cir. 2005), finding that the joint employer doctrine does not apply in Section 515 matters. There, the Second Circuit wrote:

> The Court agrees with the rationale espoused in the *Rheem* case and finds that it is consistent with existing Second Circuit precedent which holds

---

[1] The MPPAA is the amendment to ERISA which "imposes liability on employers who withdraw from multiemployer pension funds for their proportionate share of unfunded vested benefits." Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 85 F.3d 1282, 1285 (7th Cir. 1996).

> that **in order to be an "employer who is obligated to make contributions" pursuant to Section 515, a party must have a contractual obligation to contribute, be the alter-ego of a signatory to the collective bargaining agreement, or involve a scheme to defraud employees of benefits**.

*See also* <u>Sun Chemical Corp. v. International Brotherhood of Teamsters Local No.</u> 705, Nos. 89 C 7112, 89 C 8032, 1992 WL 133175, at *3 (N.D. Ill. June 11, 1992) (employer not required to make ERISA contributions, as it was not a signatory to the collective bargaining agreement); <u>Solomon v. Klein</u>, 770 F.2d 352 (3d Cir. 1985) (rejecting analogy of ERISA to the FLSA and refusing to impose personal liability on corporate officer unless corporate veil pierced); <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1179 (11th Cir. 1987) ("Courts presented with the issue have generally refused to expand the definition of employer under ERISA to include entities which were not a party to the collective bargaining agreement under which suit is brought.")

In the instant matter, Plaintiffs have failed to allege any facts giving rise to any cause of action against Lawless Homes and have merely made conclusion of law alleging "joint employer" liability. However, the theory of a "joint employer" is utterly foreign in the context of pension fund contribution cases governed by ERISA. The concept has no meaning in the present action. Liability for contributions is only possible where an entity is <u>contractually</u> bound to make such contributions. Lawless Homes has no such contractual obligation and, as such, cannot be liable for the amounts sought. Plaintiffs have failed to state a legitimate claim against Lawless Homes and their Amended Complaint against Lawless Homes must therefore be dismissed.

## IV.   <u>Conclusion</u>

WHEREFORE, for the above-stated reasons, Defendants Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc., and Lawless Homes of Franklin County, Inc, respectfully submit that Plaintiffs have failed to state an actionable claim against them through their Amended Complaint because "joint employer" liability is not recognized under ERISA and, such, Plaintiffs' Complaint as against the Lawless Homes entities is fatally flawed and must be dismissed with prejudice.

BLUMENFELD, KAPLAN & SANDWEISS, P.C.

By:     /s/ Barry L. Haith
    Barry L. Haith, #48972
    168 N. Meramec, Suite 400
    St. Louis, Missouri 63105-3763
    (314) 863-0800 / Fax (314) 863-9388

Attorneys for Defendants Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc., and Lawless Homes of Franklin County, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing was filed electronically with the Clerk of Court on November 23, 2005 to be served by operation of the Court's electronic filing system upon Greg A. Campbell, Diekemper, Hammond, Shinners, Turcotte & Larrew, P.C., 7730 Carondelet, Suite 200, Clayton, Missouri 63105.

                                      /s/ Barry L. Haith