UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK D. SCHEMBRE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01049 ERW |
| ) | |
| NEW CONSTRUCTION ) | |
| RESOURCES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc. and Lawless Homes of Franklin County, Inc.'s Motion to Dismiss [doc. #23]. These Defendants filed their Joint Motion to Dismiss on November 23, 2005. Plaintiffs filed a Response on December 1, 2005. Defendants filed a Reply on December 16, 2005.

### **I. BACKGROUND**

On July 5, 2005, Plaintiffs filed suit against New Construction Resources, LLC ("New Construction"). Plaintiffs alleged that New Construction had unlawfully failed to make contributions to the Cement Masons Local 527 pension funds as required by the collective bargaining agreement entered into by the parties. On October 14, 2005, Plaintiffs filed their First Amended Complaint naming as defendants, Lawless Homes, Inc., Lawless Homes of Jefferson County, Inc. and Lawless Homes of Franklin County, Inc. ("Lawless Defendants"), in addition to New Construction. The Amended Complaint alleges that the Lawless Defendants are jointly liable for delinquent pension contributions based upon their status as joint employers under the

1

Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 - 1461. Specifically, the complaint avers that the Lawless Defendants "operate as a joint employer with defendant New Construction in that the Lawless Homes defendants are liable for fringe benefit contributions and damages owed by New Construction[.]" Plaintiffs do not allege that the Lawless Defendants are a party to any collective bargaining agreement.

## II. STANDARD OF REVIEW ON MOTION TO DISMISS

A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46.

## III. DISCUSSION

Defendants have filed the instant Motion to Dismiss claiming the Lawless Defendants have no contractual obligation to make pension plan contributions, and, moreover, "joint

2

employer" liability is not a recognized theory of liability under ERISA. Plaintiffs argue that the broad definition of "employer" under Title I encompasses the legal theory of "joint employer" liability as recognized in other non-ERISA labor-management cases.

Pursuant to Title I, Section 515 of ERISA, 29 U.S.C. § 1145,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

For purposes of Title I of ERISA, an "employer" is defined as

> any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

29 U.S.C. § 1002(5). The Eighth Circuit has not resolved the issue of whether a court may impose liability for delinquent pension contributions on a nonsignatory of a collective bargaining agreement pursuant to a theory that the nonsignatory is a "joint employer" of the signatory to the agreement. Therefore, it will be necessary for this Court to analyze: (1) cases that analyze "joint employer" liability under other non-ERISA labor-management statutes; (2) cases that analyze "joint employer" liability under other Titles of the ERISA; and (3) cases that analyze signatory status under Title I of ERISA.

*Joint Employer Status Under Non-ERISA Labor-Management Statutes*

There are very few cases analyzing liability as a "joint employer" under ERISA. *See, e.g., Michigan State Painters Ins. v. Ron Simmons Painting*, 875 F. Supp. 417, 421 (E.D. Mich. 1995).[1] The majority of cases analyze joint employer status under other non-ERISA labor-

---

[1]This Court notes that the district court cites only to cases analyzing employer status under the National Labor Relations Act in its analysis of joint employer status under ERISA. *E.g. see, Distillery, Wine & Allied Workers Int'l Union v. Chemical Corp.*, 894 F.2d 850, 852 (6th

3

management statutes. For example, in *Industrial Personnel Corporation v. National Labor Relations Board*, the Eighth Circuit propounded a standard for determining whether a joint employer relationship exists under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 *et seq*. 657 F.2d 226, 227-28 (8th Cir. 1981). The Court held that the district court must analyze

> whether the total relationship of two nominally separate businesses reveals: (1) some functional interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. While none of these factors, separately viewed, have been held controlling, stress has normally been laid upon the first three factors which reveal functional integration with particular reference to whether there is centralized control of labor relations.

*Id*. at 228 (internal quotations omitted); *see also Carrier Corp. v. NLRB*, 786 F.2d 778, 781 (6th Cir. 1985) (holding that companies are joint employers when "two or more employers exert significant control over the same employees-where from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment"); *NLRB v. Browning-Ferris Indus. of Penn., Inc.*, 691 F.2d 1117, 1124 (3d Cir.1982) (same). Whether the party is a signatory to the collective bargaining agreement is just a factor in the analysis of joint employer status under the NLRA. *See Metro. Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580, 584-85 (6th Cir. 1982).

In this case, Plaintiffs argue that the concept of joint employer liability has been long recognized in the labor-management field, and the concept should be applied to this ERISA case before the Court. However, this Court agrees with other courts that have concluded that drawing analogies between ERISA and other labor-management statutes is improper. *See Nat'l Prod. Workers Union Severance Trust Fund v. United Maint. Co., Inc.*, 2006 WL 294027, at *4 (N.D. Ill. Feb. 2, 2006) (the proper inquiry was not whether defendant could be liable under Fair Labor

---

Cir. 1990).

Standards Act but whether defendant is subject to joint liability under ERISA); *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985) (it is the court's responsibility to interpret ERISA and not a separate federal statute). Thus, the Court will analyze cases interpreting joint employer status under ERISA to determine if Plaintiffs have adequately stated a claim against the Lawless Defendants.

*Joint Employer Status Under Title IV of ERISA*

Congress amended ERISA in 1980 when it passed the Multiemployer Pension Plan Amendments Act ("MPPAA"). Title IV, Section 4201, 29 U.S.C. § 1381-1453. The MPPAA "protect[s] multiemployer pension plans from the financial burdens that result when a particular employer withdraws from the plan and leaves the plan with unfunded liabilities." *Rheem Mfg. Co. v. Central States, Southeast and Southwest Areas Pension Fund*, 873 F.Supp. 173, 175 (W.D. Ark. 1994), *aff'd* 63 F.3d 703 (8th Cir. 1995). Specifically, the Amendment provides that "[i]f an employer withdraws from a multiemployer plan in a complete withdrawal or a partial withdrawal, then the employer is liable to the plan in the amount determined under this part to be the withdrawal liability." 29 U.S.C. § 1381(a).

In *Seaway Port Authority of Duluth v. Duluth-Superior Ila Marine Association Restated Pension Plan*, the Eighth Circuit found that the definition of "employer" in 29 U.S.C. § 1002(5) did not apply to cases involving withdrawal liability under the MPPAA. 920 F.2d 503, 506 (8th Cir. 1990) (holding that the terms defined in Title I of ERISA will only necessarily apply to provisions of Title I because the statute provides that the definitions are "for purposes of this title"). For purposes of Title IV of ERISA, the court defined "employer" as "a person who is obligated to contribute to a plan either as a direct employer or in the interest of an employer of the

plan's participants." *Id*. at 507 (quoting *Korea Shipping Corp. v. N.Y. Shipping Ass'n. - Intern'l*, 880 F.2d 1531 (2d Cir. 1989)).

In *Rheem Manufacturing Company v. Central States*, the Western District of Arkansas relied on the definition of "employer" provided by the Eighth Circuit in *Seaway*. 873 F. Supp. at 175-77. The district court reasoned that, based on the Eighth Circuit's definition of employer, in order for a party to be an employer under the MPPAA, the party "must have signed a contract obligating it to contribute to [a benefit plan], or it must be obligated by some other principle of traditional contract law." *Id*. at 176; *see also Transpersonnel, Inc. v. Roadway Exp., Inc.*, 422 F.3d 456, 461-62 (7th Cir. 2005) (nonsignatory to collective bargaining agreement was not a joint employer under MPPAA even though the company had an obligation to reimburse employer for plan contributions); *Nat'l Prod. Workers Union Severance Trust Fund.*, 2006 WL 294027, at *4-5 (signatory to contract obligating company to make plan contributions is an ERISA "employer" under MPPAA, even though the company did not directly employ the workers). The court held that the plaintiff in *Rheem* was not an "employer" under the MPPAA because it had no contractual obligation to contribute to the pension fund at issue. in the case. The Rheem Court recognized that the question of whether a non-signatory joint employer would be bound to a collective bargaining agreement arising under the delinquent contributions provision of ERISA remained unsettled.[2] The Eighth Circuit affirmed the Arkansas district court decision on August 17, 1995. *See Rheem Mfg. Co. v. Central States Southeast and Southwest Areas Pension Fund*, 63 F.3d 703 (8th Cir. 1995).

*Signatory Status Under Title I of ERISA*

---

[2]In fact, the court went so far as to say that "it is hopeless to look for precedent on this issue, and the court will have to return to first principles to decide the issue should it ever again be presented." *Id*. at 178 n. 5.

6

A few courts have relied on the rationale espoused in *Rheem* in cases relating to delinquent contributions under Title I of ERISA. While the definition of "employer" is more broad under Title I of ERISA than under Title IV, "[c]ourts presented with the issue have generally refused to expand the definition of employer under [Title I of] ERISA to include entities which were not a party to the collective bargaining agreement under which suit is brought." *Xaros v. U.S. Fidelity and Guar. Co.*, 820 F.2d 1176, 1179 (11th Cir. 1987).

In *Olivieri v. P.M.B. Construction*, the Eastern District of New York district court assumed for the sake of argument that the named Defendants were indeed joint employers. 383 F. Supp.2d 393, 397 (E.D. N.Y. 2005). The court noted that "[t]here is a paucity of case law on whether a joint employer may be bound to a collective bargaining agreement which he did not sign purely because of his joint employer status." *Olivieri*, 383 F. Supp.2d at 403. Relying largely on the analysis in *Rheem*, the New York court held that "a party must have a contractual obligation to contribute, be the alter-ego of a signatory to the collective bargaining agreement, or be involved in a scheme to defraud employees of benefits" in order to be an "employer who is obligated to make contributions" under 29 U.S.C. § 1145.[3] *Id*. at 404. Numerous courts agree that a party must be a signatory to the collective bargaining agreement before it will be held responsible for delinquent contributions under § 1145, regardless of whether it is a joint employer. S*ee, Sun Chemical Corp. v. Intern'l Brotherhood of Teamsters Local No. 705*, 1992 WL 133175, at *3 (N.D. Ill. June 11, 1992) (in general, a party must be a signatory to the collective bargaining agreement in order to be considered an employer under 29 U.S.C. § 1145); *Ironworkers Local*

---

[3]This Court notes that it is not necessary to analyze the cases holding that nonsignatory entities are liable for delinquent contributions under § 1145 because they are "alter egos," "single employers," or "successive employers" of the employer who is the signatory to the collective bargaining agreement. Plaintiffs make no such allegations against the Lawless Defendants in their Amended Complaint.

7

*Union No. 808 v. Sicilia*, 45 F. Supp.2d 1332, 1334 (M.D. Fla. 1999) (nonsignatory to collective bargaining agreement not an "employer" under Title I of ERISA)*; Solomon*, 770 F.2d 352 at 354 (same); *Cariaga v. Local No 1184 Laborers*, 154 F.3d 1072, 1075 (9th Cir. 1998) (same); *Bleilier v. Cristwood Constr., Inc.*, 72 F.3d 13 (2d Cir. 1995) (surety who was nonsignatory to collective bargaining agreement was not liable for delinquent contributions under 29 U.S.C. § 1145); *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561 (2d Cir. 1995) (contractor who was nonsignatory to collective bargaining agreement was not liable for delinquent contributions under 29 U.S.C. § 1145).

### *Plaintiffs' Failure to State a Claim*

This Court holds that Plaintiffs have failed to state a claim which may entitle them to relief under 29 U.S.C. § 1145. Assuming *arguendo*, that the Lawless Defendants are joint employers, Plaintiffs has failed to allege that the Lawless Defendants have an obligation to make contributions to the plan. Section 1145 not only requires that the party be an employer, but the party must also be "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement." As noted above, courts have repeatedly held that the obligation to contribute is created by contract. Here, the Lawless Defendants have no obligation to make contributions to the Cement Masons Local 527 pension funds. Plaintiffs do not allege that the Lawless Defendants signed a collective bargaining agreement requiring them to contribute to the pension funds, nor do Plaintiffs allege that the pension fund itself has terms requiring contributions by the Lawless Defendants. Therefore, this Court holds that Plaintiffs have failed to state a claim against the Lawless Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #23] is **GRANTED**.

An appropriate Order of Dismissal will accompany this Order.

Dated this 25th day of April, 2006.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE